454

New Jersey Department of Labor,
Workmen's Compensation Bureau.

RUDOLPH BOEHME, Jr., PETITIONER, v. TOWN OF
SECAUCUS, RESPONDENT.

---

HATTIE BOEHME, EXECUTRIX OF THE ESTATE OF RU-
DOLPH BOEHME, Jr., DECEASED, PETITIONER, v.
TOWN OF SECAUCUS, RESPONDENT.

Decided May 11, 1937.

For the petitioners, *Hirschberg, Nashel, Zorn & Cronson*
(by *Louis L. Cronson*).

For the respondent, *Cox & Walburg* (by *Arthur F. Mead*).

This is a proceeding brought on a formal petition by
Rudolph Boehme, Jr., during his lifetime, as petitioner, and
against the town of Secaucus, a municipal corporation in the
county of Hudson and State of New Jersey, as respondent,
and on a supplemental petition by Hattie Boehme, executrix
of the estate of Rudolph Boehme, Jr., deceased, as petitioner,
and against the town of Secaucus, a municipal corporation in
the county of Hudson and State of New Jersey, as respondent,
under and by virtue of the provisions of an act entitled "An
act authorizing and requiring municipalities and fire districts
to provide compensation insurance for volunteer firemen,"
chapter 172, laws of 1931, approved April 21st, 1931.

\*  \*  \*  \*  \*  \*  \*

After hearing the entire testimony, depositions and evidence in the matter on the merits, including the testimony of the witnesses and the physicians for and on behalf of both the petitioner and the respondent, and after duly considering the same, I conclude, determine and find as follows:

That the petitioner Rudolph Boehme, Jr., during his lifetime, was a member of the volunteer fire company in the town of Secaucus, county of Hudson and State of New Jersey, and was engaged in the private employment of an upholsterer, and earned an average of forty dollars ($40) per week.

That on the 29th day of June, 1934, the said Rudolph Boehme, Jr., was involved in an accident arising out of and in the course of his performance as a volunteer fireman for the respondent, as a result of which accident he sustained injuries to his left leg, left shoulder, chest, abdomen and traumatic shock to his physical system, all of which injuries disabled the said petitioner and required medical aid and attendance therefore;

That the said petitioner received from the respondent on or about August 31st, 1934, compensation for temporary disability for five and four-sevenths weeks at a weekly rate of $20, the total sum of $111.43;

That the aforesaid accident, resulting in the aforementioned injuries to petitioner Rudolph Boehme, Jr., during his lifetime, was the proximate cause of his continued and increased disability from the said injuries, and that the said accident was the proximate cause of materially aggravating and accelerating a pre-existing, latent and undeveloped cancerous condition in the abdominal region of the said Rudolph Boehme, Jr., which caused his death on the 22d day of September, 1936;

That the said petitioner, Rudolph Boehme, Jr., was in good health prior to the accident, but from that date until the time he died he suffered a gradual decline in health with a marked loss of physical function which detracted from the former efficiency of his body, or its members, in his ordinary pursuits, and resulted in an appreciable loss of earnings from his private employment;

That as the result of said decline decedent was compelled to stop any activity in connection with his business about April 1st, 1936, and same was closed June, 1936.

That the said petitioner required and received for his injuries medical aid and attendance from physicians during the period of his continued and increased disability, from the date of the accident up to and including the date of his death, with the bills for said professional services still outstanding and unpaid;

That the formal petition for compensation filed in this cause by Rudolph Boehme, Jr., during his lifetime, as petitioner, against the town of Secaucus, as respondent, for increased disability, was filed within the statutory period and that the petition filed by Hattie Boehme, executrix of the estate of Rudolph Boehme, Jr., deceased, as petitioner, against the town of Secaucus, as respondent, for the death of the said Rudolph Boehme, Jr., was a supplemental petition to the aforesaid formal petition of Rudolph Boehme, Jr., and merged with it to form one cause of action;

That I have considered the testimony of Dr. Joseph A. Angelo who treated decedent at various intervals from date of accident to March 24th, 1936, Dr. Leo Brandenberg who treated decedent from April 11th, until his death, both of whom are of the opinion that the accident aggravated a pre-existing cancerous condition. Also the testimony of Dr. H. B. Kaplan who performed autopsy on September 22d, 1936.

For the respondent we have the testimony of Drs. Watman, Cuccinelli and White who believe in that school of thought that trauma will not aggravate a pre-existing cancerous condition.

My views are fully expressed in *Beerman* v. *Public Service*, 15 *N. J. Mis. R.* 318; 191 *Atl. Rep.* 297.

That the events subsequent to the accident of June 29th, 1934, are merely coincidental I cannot reconcile. The decedent was in good health prior to that date, the accident was of such force as to cause some inward disability, the general decline, inability to perform his work and various other symptoms that followed are sufficient for me to conclude that the trauma did play an important part in his illness and death.

It is, therefore, on this 11th day of May, 1937, ordered that judgment be entered in favor of the petitioners.